UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL KAMMER, KELLY KAMMER,
SAND LAKE INN,

    Plaintiffs/Counter-Defendants,

                                                                Case Number 09-13177-BC
v.                                                    Honorable Thomas L. Ludington

CINCINNATI INSURANCE COMPANY,

    Defendant/Counter-Claimant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO STAY PROCEEDINGS, STAYING SCHEDULING ORDER FOR NINETY DAYS, AND CANCELING HEARING

Plaintiffs Daniel and Kelly Kramer, also d/b/a Sand Lake Inn, initially filed a complaint against Defendant Cincinnati Insurance Company in Iosco County Circuit Court. Plaintiffs served Defendant on July 20, 2009, and Defendant removed the case to this Court on the basis of diversity jurisdiction and filed counterclaims on August 12, 2009. Plaintiffs allege a breach of contract claim against Defendant arising out of the denial of their insurance claim for the loss of the Sand Lake Inn due to fire on or about February 27, 2008. Plaintiffs allege that Defendant wrongfully denied coverage on the ground that the loss was due to a "dishonest act." Plaintiffs allege that Defendant relied on the unsubstantiated and untrue suggestion that Plaintiff Daniel Kammer caused the fire by pouring gasoline into a crawl space under the utility room. In its counterclaims, Defendant alleges breach of contract, fraud, and misrepresentation arising out of Plaintiffs' conduct during its investigation of the fire, and seeks to recover investigative costs. Defendant asserts that a witness saw Plaintiff Daniel Kammer leaving the premises about fifteen minutes before the fire occurred.

Now before the Court is Plaintiffs' motion to stay [Dkt. # 15], filed on February 8, 2010. Plaintiffs request that the Court stay these proceedings, or at least discovery, based on Plaintiff Daniel Kammer's fifth amendment right to not incriminate himself as to arson-related criminal charges that are pending against him in Iosco County. In particular, Plaintiffs assert that Plaintiff Daniel Kammer's testimony is important because it is contrary to the circumstantial evidence that Defendant relied upon. Defendant filed a response [Dkt. # 16] on February 22, 2010; and Plaintiff filed a reply on February 23, 2010. While the motion was originally scheduled for hearing on April 15, 2010, the hearing was adjourned several times based on the parties' requests and a conflict on the Court's calendar. *See* [Dkt. # 24]. For the reasons stated below, an initial stay of the scheduling order for ninety days is appropriate at this juncture.

The Fifth Amendment provides that "No person shall be . . . compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "The fifth amendment privilege not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *In re Morganroth*, 718 F.2d161, 164-65 (6th Cir. 1983) (citing *Lefkowitz v. Turley*, 414 U.S. 70 (1973)).

When the Fifth Amendment is implicated in a civil case because of a pending criminal prosecution, an appropriate remedy may be to "postpon[e] civil discovery until termination of the criminal action." *United States v. Kordel*, 397 U.S. 1, 9 (1970) (footnote omitted). *See also id.* at 12 n.27 (noting that "[f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action"); *Landis*

*v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (noting generally that a court may stay an action upon demonstration of "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else").

In response to Plaintiffs' motion, Defendant highlights that there is only partial overlap between this civil action and the pending criminal proceedings. In particular, Defendant emphasizes that its breach of contract counterclaim alleges that Plaintiffs did not fully meet their obligation to cooperate with the investigation of the fire under the insurance policy. Defendant suggests that Plaintiff Daniel Kammer's fifth amendment rights would be immaterial to such claims, citing *Allen v. Mich. Basic Property Ins. Co.*, 640 N.W.2d 903 (Mich. Ct. App. 2001). However, Defendant has not explained why the possibility that those claims could proceed outweighs the fact that Plaintiff Daniel Kammer's fifth amendment rights are implicated by Plaintiffs' own claims. Nor has Defendant explained why litigation should proceed on only some claims and not others when such a procedure would not be efficient. While Defendant asserts that it will be prejudiced by delay, it did not identify any specific reasons for such prejudice.

In light of the substantial overlap between the events underlying this civil action and the pending criminal charges against Plaintiff Daniel Kammer, Plaintiff Daniel Kammer's fifth amendment rights are highly implicated. The importance of protecting fifth amendment rights justifies a delay in these proceedings. This is particularly true when Defendant did not identify any specific form of prejudice that it will suffer from the delay. Thus, the scheduling order in this civil action will be stayed for an initial period of ninety days. If criminal charges remain pending at that juncture, the stay may be extended.

Accordingly, it is **ORDERED** that Plaintiffs' motion for stay [Dkt. # 15] is **GRANTED**.

It is further **ORDERED** that the Court's scheduling order [Dkt. # 13] is **STAYED** until **September 10, 2010**.

It is further **ORDERED** that the hearing scheduled for June 14, 2010, is **CANCELED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 11, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 11, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---