UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL KAMMER and
KELLY KAMMER,

        Plaintiffs,

        Case Number 09-13177
v.        Honorable Thomas L. Ludington

THE CINCINNATI INSURANCE COMPANY,

        Defendant.
_____ /

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND/CORRECT COMPLAINT TO ADD PARTY NOTICED IN FILED NOTICE OF NON-PARTY AT FAULT AND GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT**

On August 12, 2009, this case was removed from the Iosco County Circuit Court on the basis of diversity jurisdiction. Plaintiffs Daniel Kammer and Kelly Kammer generally allege in their complaint that The Cincinnati Insurance Company breached its contract of insurance with Plaintiffs by finding that the insurance policy ceased to exist when a fire destroyed Plaintiff's insured commercial property on February 27, 2008. In denying Plaintiffs' claim, Defendant stated that the policy had ceased to exist because Plaintiff's had breached the terms and conditions of the contract of insurance due to the loss being the result of a "dishonest act." More specifically, Defendant stated that it believed the fire was caused by gasoline which was poured into the crawl space under the utility room and ignited, and that Plaintiffs were seen leaving the property shortly before the fire was reported to the local fire department. Plaintiffs contend that they have not committed the unspecified "dishonest act" and that they have satisfied the relevant authorities as to their lack of criminal culpability for the fire at the insured property.

In their motion, Plaintiffs seek to file an amended complaint to insert additional paragraphs under a count entitled "Breach/Violation of Uniform Trade Practices Act." Plaintiffs seek to add six paragraphs in order to provide Defendant with notice that Plaintiffs intend to seek sanctions under the Uniform Trade Practices Act, and that they wish to avoid a technical claim at trial the Defendant was unaware of the applicability of such a claim. Plaintiffs allege that it is reasonable to presume that at all relevant times Defendant has known that it failed to request or obtain any proof of loss with regard to the February 2008 fire occurrence, and that Defendant has been charged with knowledge of the existence and effects of the Michigan Uniform Trade Practices Act, Mich. Comp. Laws § 500.2001, et seq. Defendant filed a response [Dkt. #34], stating that it does not object to Plaintiffs' motion to amend the complaint. On this basis the Court will grant Plaintiffs' leave to file an amended complaint to insert the additional paragraphs under a count entitled "Breach/Violation of Uniform Trade Practices Act."

Accordingly, it is **ORDERED** that Plaintiffs' motion to amend/correct complaint [Dkt. #31] is **GRANTED**.

It is further **ORDERED** that Plaintiffs are **GRANTED LEAVE** to file an amended complaint to insert the additional paragraphs under a count entitled "Breach/Violation of Uniform Trade Practices Act" on or before **March 24, 2011**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: March 16, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2011.

                                              s/Tracy A. Jacobs
                                              TRACY A. JACOBS